UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MICHAEL BYRD and RACHEL BYRD, | ) |
| *Plaintiffs*, | ) |
| | ) Case No. 1:11-cv-93 |
| v. | ) |
| | ) Judge Mattice |
| DEPARTMENT OF JUSTICE, | ) |
| *Tax Division*, | ) |
| *Defendant.* | ) |

## MEMORANDUM AND ORDER

Before the Court are Plaintiffs' Motion for Temporary Restraining Order, which the Court has construed as a Motion for Preliminary Injunction (Docs. 2, 4), and Defendant's Motion to Dismiss. (Doc. 5). For the reasons discussed below, the Court will **DENY** Plaintiffs' construed Motion for Preliminary Injunction and **GRANT** Defendant's Motion to Dismiss.

### I. FACTS AND PROCEDURAL HISTORY

On April 14, 2011, Plaintiffs Michael Byrd and Rachel Byrd filed a *pro se* Complaint against the Department of Justice, Tax Division. (Doc. 1, Complaint). In their somewhat indeterminate pleading, Plaintiffs complain that the Internal Revenue Service ("IRS") unfairly assessed tax liabilities against Plaintiff Rachel Byrd and unlawfully garnished her wages and levied Plaintiffs' joint bank account. (*Id.* at 2). Though it is by no means clear, the Complaint appears to relate to the IRS's collection activities associated with a 2008 stipulation between Ms. Byrd and the IRS, entered in United States Tax Court, in which those parties agreed that Ms. Byrd owed approximately $200,000 in unpaid taxes based

on Plaintiffs' joint tax returns for the years 2002, 2003, and 2004. (*See id.* at 2; Doc. 6-16 at 1).[1] In November 2009, the IRS sent Ms. Byrd a Notice of Intent to Levy, in which it outlined its plan to file a lien on Plaintiffs' joint bank account and take additional measures to recoup the outstanding tax debt. (*See* Complaint at 2-3; Doc. 6-10). Michael Byrd responded to the notice by filing a request for an administrative hearing concerning the IRS's planned collection activities.[2] Because the request did not contain Rachel Byrd's signature and identified the "taxpayer" as a separate business entity, the IRS declined to process the request, though it permitted Plaintiffs to complete and refile it. (Docs. 6-11, 6-12). Plaintiffs did not refile, and in March 2011, the IRS executed a levy against Ms. Byrd's wages and Plaintiffs' joint bank account. (Complaint at 2; Doc. 6-13).

---

[1] Plaintiffs' Complaint is diffuse, and the factual bases on which it is predicated are poorly defined at best. Further, it appears that Plaintiffs failed to supply documents referenced in their Complaint. However, attached to its Motion to Dismiss, Defendant has submitted additional exhibits that tend to provide a somewhat clearer factual picture. The Court notes that, while assessment of the facial sufficiency of a complaint must ordinarily be undertaken without regard to matters outside the pleadings, it may "consider exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (citation and alteration omitted); *see also Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (holding that exhibits attached to a motion to dismiss did not warrant the motion's conversion into one for summary judgment, as "[t]hey added nothing new, but, in effect, reiterated the contents of the complaint itself . . . . The defendants' attachment only clarified . . . the issue before the court . . . . It did not rebut, challenge, or contradict anything in the plaintiffs' complaint"). The Court will consider Defendants' exhibits only insofar as they clarify matters referenced in the Complaint and are central to the claims therein.

[2] Defendant's submissions suggest that Mr. Byrd may be the subject of additional collection activities related to his liabilities for the years 2008 and 2009. (*See* Docs. 6-8, 6-9). Those are not the apparent object of this litigation, which, as above, evidently relates to Plaintiffs' tax liabilities for the 2002, 2003, and 2004 tax years. This construction of the Complaint is supported by its language concerning the "alleged tax liabilities for Plaintiff Rachel Byrd" and the "imminent bank garnishment of Plaintiff Rachel Byrd's wages and Plaintiffs' joint bank account," as well as Plaintiffs' clear statement in their Motion for Temporary Restraining Order: "Plaintiffs note, as in their Complaint[,] that they have been denied due process by Defendant and have been denied adequate hearing regarding the levy on Plaintiff Rachel Byrd's 2002, 2003[,] and 2004 income." (Complaint at 2; Doc. 2 at 2). However, even if Plaintiffs did intend to challenge Mr. Byrd's 2008 and 2009 tax liabilities, they have failed to state a plausible claim upon which relief maybe granted, and their Complaint still fails for the reasons identified in this Order.

Thereafter, Plaintiffs filed the instant Complaint. In it, they assert that the IRS imposed upon them "tax liabilities . . . without any regard for procedural safeguards." (Complaint at 2). Specifically, they claim that the IRS failed to abide by the provisions of 26 U.S.C. §§ 6212, 6213, and 6330. (*Id.*). Further, they contend that the IRS has "seen fit to unilaterally and unequivocally levy Plaintiff Rachel Byrd's wages and bank account, in violation of Title 26, Rules of Practice of US Tax Court, Rule 330." (*Id.*). Plaintiffs claim "tortious interference" insofar as "Defendant has tortiously interfered with Plaintiffs' lives, their financial resources, and the well-being of Plaintiffs and their families." (*Id.* at 3). Plaintiffs also expressly raise a claim of negligent infliction of emotional distress, contending that "Defendant has inflicted emotional distress on Plaintiffs by continuously harassing Plaintiffs for a debt that has not been substantiated over the course of two years." (*Id.* at 4). As relief, Plaintiffs request that the Court "order Defendant to expunge the alleged debt that is the basis of the present suit unilaterally, . . . estop[] Defendant from the wrongful garnishment of Plaintiffs' wages and bank account[,] and . . . assess compensatory damages on behalf of Plaintiffs as the Honorable Court deems appropriate."

Shortly after filing their Complaint, Plaintiffs filed a Motion for Temporary Restraining Order, in which they moved the Court to enjoin the IRS from garnishing their bank account and Rachel Byrd's wages. (Doc. 2). Because Plaintiffs failed to satisfy the requirements of Fed. R. Civ. P. 65, the Court denied the Motion. The Court instead construed it as a Motion for Preliminary Injunction. (*See* Doc. 4).

Defendant opposed the construed Motion for Preliminary Injunction, and in addition to its responsive briefing, it filed a Motion to Dismiss Plaintiffs' Complaint. (Docs. 5, 6). Citing the Anti-Injunction Act, 26 U.S.C. § 7421, Defendant argues that Plaintiffs are barred

-3-

Case 1:11-cv-00093-HSM-WBC   Document 15   Filed 03/23/12   Page 3 of 13   PageID #: 144

from enjoining the government from collecting taxes. (*See* Doc. 6 at 5). Defendant also asserts that Plaintiffs have failed to state a claim upon which relief could be granted, and their Complaint should therefore be dismissed under Fed. R. Civ. P. 12(b)(6). (*Id.* at 7-9). Defendant maintains that the authorities Plaintiffs cite are inapplicable and that Plaintiffs have failed to exhaust any claim that the IRS failed to comply with its own regulations. (*Id.* at 9-10). Finally, Defendant asserts that Plaintiffs' Complaint should be dismissed for insufficient service of process, as they failed to serve the United States Attorney's Office for the Eastern District of Tennessee (as required by Fed. R. Civ. P. 4) or the IRS (which Plaintiffs seek to enjoin), warranting dismissal under Fed. R. Civ. P. 12(b)(2), (5). (*Id.* at 10-11).

Plaintiffs responded to Defendant's Motion to Dismiss. (Doc. 12, Pl.'s Resp.). Plaintiffs first state that they seek "declaratory and not injunctive relief," and they request that the Court interpret the terms of the levy and wage garnishment in accordance with Tenn. Code Ann. § 26-2-106 ("Disposable earnings; maximum exemption"). (Pl.'s Resp. at 2-3) (emphasis omitted). Plaintiffs "claim that the Tennessee statute trumps the Federal statute and if the Tennessee legislature, in its wisdom, wanted to except state and Federal taxes, they would have done so." (*Id.* at 3).

Defendant replies that declaratory relief is also unavailable to Plaintiffs and that federal law preempts Tenn. Code Ann. § 26-2-106. (Doc. 13, Def.'s Reply).

## II.  INJUNCTIVE / DECLARATORY RELIEF

The Court first turns its attention to Plaintiffs' construed Motion for Preliminary Injunction. (Doc. 2). Plaintiffs have explicitly disavowed any claim they may have had for

-4-

injunctive relief. (Pl.s' Reply at 2) ("**Plaintiffs seek declaratory and not injunctive relief from this Court.**") (emphasis original). Plaintiffs' abandonment of this claim is well-advised, as "the Anti-Injunction Act [26 U.S.C. § 7421] prohibits courts from entertaining suits seeking injunctions against the assessment or collection of taxes." *Romp v. United States*, 96 F. App'x 978, 980 (6th Cir. 2004) (abrogation on other grounds recognized by *Hoogerheide v. I.R.S.*, 637 F.3d 634, 636 (6th Cir. 2011)); *cf. Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 6-7 (1962); *Daulton v. United States*, 76 F. App'x 652 (6th Cir 2003). Consequently, to the extent that the construed Motion sought injunctive relief, the Court will **DENY** it.

Ignoring for the moment that Plaintiffs have not sought to amend their Complaint to seek declaratory relief, per Fed. R. Civ. P. 15, their belated request for declaratory judgment is untenable for the same reasons their construed Motion for Preliminary Injunction would be: such relief is not statutorily permissible. "The Declaratory Judgment Act, 28 U.S.C. § 2201, expressly exempts disputes 'with respect to federal taxes,'" and it is "at least as broad as the Anti-Injunction Act." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 (1974); *Hill v. I.R.S.*, 991 F.2d 795 (table), 1993 WL 94001 at *1 (6th Cir. 1993) (citing *Flora v. United States*, 362 U.S. 145, 164) (1960)). This exemption acts to "deprive district courts of jurisdiction" to grant the relief Plaintiffs seek. *Hill*, 991 F.2d at *1. None of 28 U.S.C. § 2201(a)'s exceptions applies to the case at bar. Accordingly, to the extent that Plaintiffs now assert that their Motion may be construed to seek declaratory relief, the Court will **DENY** the Motion.

### III. MOTION TO DISMISS

Defendant moves the Court to dismiss Plaintiffs' Complaint, and the Court will **GRANT** its Motion.

"A motion to dismiss for failure to state a claim [per Fed. R. Civ. P. 12(b)(6)] is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010). For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and a plaintiff's legal conclusions couched as factual allegations need not be accepted as true. *Id.*; *see Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1950.

Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The reviewing court must determine, not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Therefore, to survive a motion to dismiss under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative

level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiffs' Complaint is deficient in multiple respects. The Court notes, for example, that Plaintiffs failed to serve the appropriate entities necessary to effect suit against the United States or one of its agencies. *See* Fed. R. Civ. P. 4(i). This failure alone, absent a showing of good cause, may provide the basis for dismissing a complaint. *See* Fed. R. Civ. P. 4(m), 12(b)(5); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006). Plaintiffs are aware of this requirement, as this Court has previously discussed it in a memorandum opinion disposing of a similar case to which Rachel Byrd was a party. *See Byrd v. Comm'r, I.R.S.*, Case No. 1:09-cv-102, 2009 WL 3100448 (E.D. Tenn. Sept. 23, 2009). Nevertheless, the Court need not discuss Plaintiffs' ability to show "good cause" for their failure to comply with Rule 4, as the Complaint cannot otherwise withstand Defendant's Rule 12(b)(6) Motion to Dismiss.

Simply put, Plaintiffs have identified no plausible basis from which this Court may infer that they are entitled to the relief they seek. *See Iqbal*, 129 S.Ct. at 1949-50. As bases for their suit, Plaintiffs assert that the IRS, through its garnishment of Rachel Byrd's wages and Plaintiffs' joint bank account violated 26 U.S.C. §§ 6212, 6213, and 6330, as well as Rule 330 of the Tax Court Rules of Practice and Procedure. (Complaint at 2). None of these statutes affords this Court the ability to extinguish Plaintiffs' tax liabilities or award them compensatory damages. *See* 26 U.S.C. § 6212 (providing that, in the event the Secretary of the Treasury determines that a taxpayer is deficient with respect to any

imposed tax, the Secretary may send the taxpayer a notice of deficiency); 26 U.S.C. § 6213 (defining the process by which a taxpayer may "file a petition with the Tax Court for a redetermination of the deficiency," among other things); 26 U.S.C. § 6330 (providing for an administrative hearing which is then appealable to the Tax Court); Tax Ct. R. 330 (investing in the United States Tax Court "jurisdiction of a lien or levy action" when the conditions of 26 U.S.C. §§ 6320(c) or 6330(d) are satisfied). To the extent that Plaintiffs are generally challenging their general tax liability or the propriety of the IRS's collection activities, this Court is not an appropriate forum. *See, e.g., Wagenknecht v. United States* 533 F.3d 412, 415-17 (6th Cir. 2008) (holding in pertinent part that, while a district court has jurisdiction over challenges to civil penalty assessments, a taxpayer challenging general "Form 1040" individual tax liability or the "appropriateness of the collection action" does so in an administrative "collection due process hearing," conducted by the IRS, and "jurisdiction for an appeal of a [collection due process] determination related to income tax liabilities lies solely in the Tax Court . . ."); *Diefenbaugh v. Weiss*, 234 F.3d 1267 (table), 2000 WL 1679510 at *1 (6th Cir. 2000) (discussing the same and holding that "[t]he Tax Court has jurisdiction over income tax issues and liabilities.").

As Defendant notes in its Motion to Dismiss, 26 U.S.C. § 7433(a) permits a taxpayer to bring a civil action for damages against the United States if any employee of the IRS recklessly or intentionally disregards any provision of the Internal Revenue Code. (*See* Doc. 6 at 9-10). Notwithstanding that statutory provision, Plaintiffs did not raise a claim under § 7433(a) in their Complaint, and nothing in their pleadings suggests such a claim. (*See* Complaint; Doc. 12). Although *pro se* pleadings are held to a less stringent standard

than counseled pleadings, the Court will not manufacture a claim on Plaintiffs' behalf. *See, e.g., Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006) (holding that a court is "not require to either guess the nature of or create a litigant's claim"); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (noting that leniency granted to *pro se* litigants is "not boundless," and "[*p*]*ro se* plaintiffs are treated to less stringent standards, but they are not automatically entitled to take every case to trial . . . . liberal construction does not require a court to conjure allegations on a litigant's behalf") (quotation and alteration omitted).[3]

Plaintiff's reliance on Tennessee state law – only first identified in their response to Defendant's Motion to Dismiss – is grossly misplaced. (*See* Doc. 12 at 3). They argue that "the issue here is the consistent application of the Tennessee statute against abusive wage garnishment," and that Tenn. Code Ann. § 26-2-106 makes no mention "of an exception for Federal and state taxes in the statute." (*Id.*) It is axiomatic that the United States Congress has the power to "lay and collect Taxes," and that laws to further that end are the "supreme Law of the Land." U.S. Const. art. I, § 8; U.S. Const. art. VI, cl. 2; *Michigan v. United States*, 317 U.S. 338, 340 (1943). To the extent that Tennessee's law concerning garnishment conflicts with the garnishment framework provided by the laws of the United States, it is "a conflict that the State cannot win." *Bennett v. Arkansas*, 485 U.S. 395, 398 (1988); *see also Drye v. United States*, 528 U.S. 49, 52 (1999) (holding that, if a debtor has an interest in property sufficient to satisfy federal law concerning tax liens, "state law is inoperative to prevent the attachment of liens created by federal statutes in favor of the

---

[3] Had Plaintiffs raised such a claim, it too would fail, as the record is entirely devoid of any allegation or other indication that Plaintiffs exhausted their administrative remedies, as is required by statute. *See* 26 U.S.C. § 7433(d)(1); *Hoogerheide*, 637 F.3d 634, 636 (6th Cir. 2011) (holding that, although exhaustion is not a jurisdictional prerequisite under § 7433, it is still mandatory).

United States"). Plaintiffs' theory that "the Tennessee statute trumps the Federal statute" is wholly lacking in merit.[4] (*See* Doc. 12).

Finally, Plaintiffs' claims of "Tortious interference with Plaintiffs" and "Negligent infliction of emotional distress" are also due to be dismissed. Reproduced in their entirety, they state:

> **Count 1:** Tortious interference with Plaintiffs.
> Plaintiffs claim that Defendant has tortiously interfered with Plaintiffs' lives, their financial resources, and the well-being of Plaintiffs and their families.
>
> **Count 2:** Negligent infliction of emotional distress.
> Plaintiffs also claim that Defendant has inflicted emotional distress on Plaintiffs by continuously harassing Plaintiffs for a debt that has not been substantiated over the course of two years.

(Complaint at 3-4). These final allegations do not even rise to the level of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal*, 129 S.Ct. at 1949-50. They are simply unsupported assertions that Plaintiffs suffered some nebulous harm at the hands of Defendant. They are no more than conclusions, they are not entitled to the presumption of truth, and they are precisely the kinds of claims that *Iqbal* holds insufficient to survive a motion to dismiss. *See id.*

In short, Plaintiffs have identified no basis on which they are entitled to the relief they seek (i.e., judicial intervention enjoining the government from collecting taxes and "complete extinguishment" of their tax liabilities). (Complaint at 3-4). Consequently, the Court will **GRANT** Defendant's Motion to Dismiss. (Doc. 5).

The Court will take this opportunity to draw Plaintiffs' attention to Fed. R. Civ. P.

---

[4] Apparently in response to an argument Defendant did not make, Plaintiffs cite 15 U.S.C. § 1673, which they indirectly contend is inapplicable. (Doc. 12 at 3). They are correct. Section 1673 "does not apply in the case of . . . any debt due for any State or Federal tax." 15 U.S.C. § 1673(b)(1)(C).

-10-

11(b), which provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The Court notes that Rule 11 applies to *pro se* parties, and it directs Plaintiffs' attention to Rule 11(c), which provides in relevant part: "If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanction upon the attorneys, law firm, or parties that have violated subdivision (b) or are responsible for the violation." Fed. R. Civ. P. 11(c); *see also Bus. Guides, Inc. v. Chromatic Commc'ns. Enters., Inc.*, 498 U.S. 533, 545 (1991) ( holding that Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard . . ."); *Graham v. Fleissner Law Firm*, Case No. 1:08-cv-31, 2008 WL 2169512 at * 4 (E.D. Tenn. May 22, 2008) ("*Pro se* plaintiffs are not exempt from Rule 11 sanctions simply because they are not represented by counsel."). A sanction may include nonmonetary directives or an order to pay a penalty into court. Fed. R. Civ. P. 11(c)(4).

-11-

Plaintiffs are cautioned that by presenting a complaint or, indeed, any other paper to the Court, they are certifying on penalty of sanctions that, among other things, it is not frivolous and it is not presented for an improper purpose.  Plaintiffs' Complaint smacks of an attempt to delay or avoid an obligation to pay taxes, and it identifies no legitimate source of law on which they could conceivably prevail.  This concern is compounded by the Court's prior dismissal of a similar complaint filed in 2009, in which Plaintiff Rachel Byrd sought a writ of *mandamus* and requested that the Court "abate the liens and levies against [her]," stemming from her 2002, 2003, and 2004 tax returns – precisely the subject of the instant Complaint and Motion. *See Byrd v. Comm'r, I.R.S.*, Case No. 1:09-cv-102, 2009 WL 3100448, Doc. 1 (E.D. Tenn. Sept. 23, 2009).  Plaintiffs are therefore admonished that further submissions to the Court that do not comport with the requirements of Fed. R. Civ. P. 11(b) may result in sanctions.

## IV.    CONCLUSION

Accordingly, and for the reasons listed above, Plaintiffs' Motion for Temporary Restraining Order, construed by the Court as a Motion for Preliminary Injunction, (Doc. 2) is hereby **DENIED**.  Defendant's Motion to Dismiss (Doc. 5) is **GRANTED**, and this case is hereby **DISMISSED WITH PREJUDICE.**

In accordance with Fed. R. Civ. P. 58(a), the Clerk shall enter judgment on a separate document and close this case.

**SO ORDERED** this 23rd day of March, 2012.

                                                  */s/Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE